# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 6982 | **DATE** | 1/3/2011 |
| **CASE TITLE** | Gregory Smith vs. Jalate Hunt, et al. | | |

**DOCKET ENTRY TEXT**

The Court denies Smith's Motion in Limine #16 to Exclude the Opinions of Dr. Vender and admits Dr. Vender as an expert on hand injuries.

■[ For further details see text below.]                                                                                                       Notices mailed by Judicial staff.

## STATEMENT

     Plaintiff Gregory Smith ("Smith") sued Chicago Police Officers JaLance Hunt ("Officer Hunt"), Jose Cortes ("Officer Cortes"), Richard Dowling ("Sergeant Dowling"), Joseph Martis ("Officer Martis"), Daniel Binfa ("Oficer Binfa"), Danielle Philip ("Officer Philip"), and William Whelehan ("Officer Whelehan") (collectively "the Defendants") under 42 U.S.C. § 1983 alleging violations of his civil rights. Smith's allegations arise from two separate incidents, one on December 7, 2007 and one on December 28, 2007. Smith alleges that the Defendants engaged in excessive force, failed to intervene to stop the use of excessive force, and failed to provide medical attention. Smith moves in limine to exclude the opinions of the Defendant's expert, Dr. Michael I. Vender ("Dr. Vender"). Dr. Vender, a board-certified orthopedic surgeon with additional qualifications in surgery of the hand, proposes to offer expert testimony that: (1) Smith's finger injury was not the result of being stomped on by a police officer when he was lying on the ground; (2) when Smith was treated at Holy Cross Hospital on December 22, 2007, his finger was already gangrenous, or dead; and (3) because Smith's finger was dead before the December 28, 2007 incident, any alleged slapping of Smith's injured finger or delay in treatment could not have contributed to "the gangrenous condition and amputation of the finger." ®. 78, Ex. 2 at 2-3.) For the reasons stated below, the Court denies Smith's Motion.

     Smith challenges Dr. Vender's methodology and the relevance of his opinions. Specifically, Smith contends that Dr. Vender's opinions are simply conclusions that lack an adequate basis or explanation and that his report is devoid of a discussion of scientific method that supports his statements. Additionally, Smith argues that Dr. Vender's opinions infringe on the jury's role of determining the credibility of the witnesses, and make impermissible legal conclusions. Federal Rule of Evidence 702 ("Rule 702") and *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993) govern the admissibility of expert testimony. *See Ervin v. Johnson & Johnson, Inc.*, 492 F.3d 901, 904 (7th Cir. 2007). "Rule 702 by its terms allows the admission of testimony by an 'expert,' someone with the appropriate 'knowledge, skill, experience, training, or education' to help the trier of fact 'understand the evidence or determine a fact in issue.'" *U.S. v. Lupton*, 620 F.3d 790, 798 (7th Cir. 2010)

# STATEMENT

(quoting Fed. R. Evid. 702). An expert, however, will only be allowed to testify if the expert's testimony is: (1) based on sufficient facts or data; (2) the product of reliable principles and methods; and (3) the witness has applied the principles and methods reliably to the facts of the case. Fed. R. Evid. 702. Under *Daubert*, the Court applies a three-step admissibility analysis. *See Ervin*, 492 F.3d at 904. First, "the witness must be qualified 'as an expert by knowledge, skill, experience, training, or education.'" *Id.* (quoting Fed. R. Evid. 702). Second, "the expert's reasoning or methodology underlying the testimony must be scientifically reliable." *Id.* (citing *Daubert*, 509 U.S. at 592-93). Finally, the expert's testimony must be relevant, or "assist the trier of fact to understand the evidence or to determine a fact in issue." *See Ervin*, 492 F.3d at 904.

Smith does not challenge Dr. Vender's expert qualifications, and this Court finds that a board-certified orthopedic surgeon with a specialty in surgery of the hand and over twenty-five years of experience is qualified by knowledge, skill, experience, training, and education. *See United States v. Moore*, 521 F.3d 681, 685 (7th Cir. 2008) ("A judge is not obliged to look into the questions posed by Rule 702 when neither side either requests or assists."); *see also, e.g.*, *Spencer v. KFC Corp.*, No. 06 C 4615, 2009 WL 249230, at *11 (N.D. Ill. Feb. 3, 2009) (Manning, J.) (accepting the expert testimony of "a well qualified and board certified orthopedic surgeon who presented a simple and readily understandable explanation for [the Plaintiff's] knee problems that [wa]s consistent with [his] medical records").

Smith does, however, contend that Dr. Vender's opinions are not based on scientifically reliable reasoning or methodology. Under *Daubert*, when determining whether the methodology underlying an expert's testimony is reliable, the Court looks to, among other things, whether the expert's theory "has been generally accepted in the scientific community." *Evin*, 492 F.3d at 904 (citing *Daubert*, 509 U.S. at 593-94). "An expert's testimony is not unreliable simply because it is founded on his experience rather than on data." *Metavante Corp. v. Emigrant Sav. Bank*, 619 F.3d 748, 761 (7th Cir. 2010). Nevertheless, Rule 702 requires "that the expert explain the 'methodologies and principles' that support his opinion; he cannot simply assert a 'bottom line.'" *Id.* (citation omitted).

Here, Dr. Vender's testimony is more than just a "bottom line." At the December 29, 2010 hearing, Dr. Vender testified that he has been a hand surgeon since 1985 and that, in the past twenty-five years, he has treated thousands of finger dislocations and infections. He has also written a number of articles relating to hand injuries. Drawing on this extensive experience as a hand surgeon and a diagnostic physician, as well as his knowledge of generally-accepted orthopedic principles, Dr. Vender reviewed medical records from Smith's three visits to the hospital, including X-rays; a number of deposition transcripts; and other discovery materials. Dr. Vender concluded within a reasonable degree of scientific and medical certainty that Smith's injury could not have been caused by a stomp and that, as of December 22, 2007, his finger was no longer viable. Dr. Vender's proposed testimony based on his experience and knowledge is reliable.

Smith also argues that Dr. Vender's opinions should be excluded because they are legal conclusions and because his proposed testimony makes impermissible credibility determinations. "Testimony is relevant if it helps the trier of fact in understanding the evidence or in determining a *fact* at issue." *Masters v. Hesston Corp.*, 291 F.3d 985, 991 (7th Cir. 2002) (emphasis added). In this case, Dr. Vender's testimony will help the jury assess the nature of Smith's injury and make a determination about causation, both of which are an appropriate use of expert testimony here. *See Cyrus v. Town of Mukwonago*, 624 F.3d 856, 864 (7th Cir. 2010) (while not required in an excessive force case, "without expert testimony, causation will be difficult to establish"). As to Smith's argument about impermissible credibility determinations, when analyzing Smith's deposition testimony, Dr. Vender assumed the truth of the relevant testimony. Indeed, Dr. Vender relied on Smith's testimony that while he was lying face-down on the ground, officers stomped on his hand. Although Smith contends that Dr.

## STATEMENT

Vender ignored the testimony of Smith and other witnesses that Smith was also kicked by the officers, Smith will be allowed to cross-examine Dr. Vender, as he did in the December 29, 2010 hearing, about whether Smith's injury could have been caused by something other than a stomp—specifically, a kick to the hand. *Id.* at 864 n.8 ("Because evidentiary weight is a jury question, expert testimony on the cause of an injury is admissible even when it does not eliminate all other possible causes of injury.").

For the reasons stated above, the Court denies Smith's Motion in Limine to Exclude the Opinions of Dr. Vender and admits Dr. Vender as an expert on hand injuries.