# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 8 C 6982 | **DATE** | 1/6/2011 |
| **CASE TITLE** | Smith vs. Hunt et al | | |

**DOCKET ENTRY TEXT**

For the reasons stated above, the Court denies the Defendants' Motion to bar evidence challenging the consent to search Smith's home during the December 28, 2007 incident.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

In its January 3, 2011 Order, the Court took under advisement the Defendants' Motion in Limine to bar evidence challenging the consent to search Smith's home during the December 28, 2007 incident. The Defendants argue that because Smith pleaded guilty in Illinois state court to possession of a controlled substance arising from the Defendants' search of Smith's home, he is now barred from challenging whether the search was proper. After further review, the Court denies the Defendants' Motion.

Pursuant to the doctrine of collateral estoppel, "once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). The doctrine applies when a § 1983 plaintiff attempts "to relitigate in federal court issues decided against [him] in [a] state criminal proceeding[]." *Id*. 102. In such a case, the Court must give preclusive effect to a state court judgment "whenever the courts of the State from which the judgment emerged would do so." *Id*. at 96; *see also Haring v. Prosise*, 462 U.S. 306, 314 (1983).

In Illinois, collateral estoppel applies "'when a party or someone in privity with a party participates in two separate and consecutive cases arising on different causes of action and some controlling fact or question material to the determination of both causes has been adjudicated against that party in the former suit by a court of competent jurisdiction.'" *People v. Moore*, 561 N.E.2d 648, 650 (1990) (quoting *Housing Auth. v. Young Men's Christian Assoc.*, 461 N.E.2d 959 (1984)). A guilty plea may preclude a party from relitigating an issue in a subsequent civil proceeding. *See Appley v. West*, 832 F.2d 1021, 1026 (7th Cir. 1987); *Rodriguez v. Schweiger*, 796 F.2d 930, 933 (7th Cir. 1986) (finding that Illinois courts treat a guilty plea as an admission by the defendant of the facts alleged in the complaint). Here, each element of the collateral estoppel doctrine has been met because, in Illinois, "a constitutional right, like any other right of an accused, may be waived, and a voluntary plea of guilty waives all errors or irregularities that are not jurisdictional." *People v. Del Vecchio*, 475 N.E.2d 840,