| STATEMENT |
|---|

849 (1985). Smith's guilty plea waived any subsequent challenge to the Defendants' search of his home. *See Del Vecchio v. Illinois Dep't of Corrections*, 31 F.3d 1363, 1380-1382 (7th Cir. 1994) (en banc).[1]

Nevertheless, the doctrine of collateral estoppel is limited "when a party has not had a 'full and fair opportunity' to litigate the factual issue in dispute in the prior proceedings." *Rodriguez*, 796 F.2d at 933. Illinois courts also ask whether the party had "an incentive to litigate the issue in the prior proceeding." *Bulfin v. Eli Lilly & Co.*, 614 N.E.2d 403, 407 (1st Dist. 1993) (citing *Housing Auth. v. Young Men's Christian Assoc.*, 461 N.E.2d 959 (1984)) ("Before applying the doctrine, the court must first determine that the party against whom the estoppel is asserted had a full and fair opportunity and an incentive to litigate the issue in the prior proceeding."). Thus, a criminal defendant "faced with the choice of probation or a long-term prison sentence" who "naturally chose[s] to enter the plea agreement," may not be precluded from relitigating an issue in a subsequent civil case. *Talarico v. Dunlap*, 667 N.E.2d 570, 667-68 (1st Dist. 1996); *see also Haring v. Prosise*, 462 U.S. 306, 323 (1983) (in the face of a favorable plea agreement, a plaintiff's decision "not to exercise his right to stand trial cannot be regarded as a concession of any kind that a Fourth Amendment evidentiary challenge would fail").

That is precisely the situation here. Smith, who was facing a mandatory consecutive class X sentence (12-60 years in prison) had he chosen to challenge the Defendants' right to search his home and proceeded to trial, naturally chose instead to plead guilty to a dramatically reduced charge of class 4 possession, which allowed him to be released from prison in a few months. Not only did Smith not fully and fairly litigate the factual issues relating to the search of his house, he also had no incentive to litigate the issue in his criminal proceeding. *See Talarico*, 667 N.E.2d at 667-68 (plaintiff did not have an incentive to litigate his medical defense where, instead of facing up to 30 years in prison on a class X felony, he had the opportunity to plead guilty to a misdemeanor and one year of probation). Accordingly, Smith's guilty plea does not preclude him from now asserting that the officers did not have valid consent to search his home on December 28, 2007. *See, e.g., Lang v. City of Round Lake Park*, 87 F. Supp. 2d 836, 842 (N.D. Ill. 2000) (guilty plea did not preclude the plaintiff from arguing in federal court that the defendants lacked probable cause to arrest him because the issue was not actually litigated in state court); *Trice v. O'Sullivan*, No. 94 C 2544, 1999 WL 35347, at *5 (N.D. Ill. Jan. 13, 1999) (Williams, J.) (guilty plea in criminal proceedings in state court did not preclude the plaintiff from alleging a violation of the Fourth Amendment in federal court because, during his state court proceedings, "the validity and existence of an electronic monitoring device report of unauthorized movement was not questioned, much less actually litigated."); *Mustfov v. Superintendent of Chicago Police Dep't*, 733 F. Supp. 283, 292 (N.D. Ill. 1990) ("[T]he process surrounding a guilty plea does not afford a defendant a 'full and fair opportunity to litigate' . . . Fourth Amendment issues.").

For the reasons stated above, the Court denies the Defendants' Motion to bar evidence challenging the consent to search Smith's home during the December 28, 2007 incident.

---

1. *But see Haring v. Prosise*, 462 U.S. 306, 323 (1983) ("[A] guilty plea results in the defendant's loss of any meaningful opportunity he might otherwise have had to challenge the admissibility of evidence obtained in violation of the Fourth Amendment. It does not follow, however, that a guilty plea is a "waiver" of antecedent Fourth Amendment claims that may be given effect outside the confines of the criminal proceeding.").